### UNITED STATES v. BAYSEK.
### No. 11180.

United States Court of Appeals
Third Circuit.

Argued Feb. 15, 1954.

Decided May 14, 1954.

Rehearing Denied July 9, 1954.

Joseph A. Rossi, Pittsburgh, Pa. (James F. Callahan, Louis C. Glasso, Pittsburgh, Pa., on the brief), for appellant.

James W. Knapp, Atty., Department of Justice, Washington, D. C. (John W. McIlvaine, U. S. Atty., Pittsburg, Pa., on the brief), for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

MARIS, Circuit Judge.

Joseph S. Baysek, Jr. and Stanley J. Barczak were charged in the District Court for the Western District of Pennsylvania in the first count of an indictment with aiding and abetting Frederick H. Altmeyer, a deputy collector of internal revenue, to extort $4,101.18 from one Harry Feldman as additional income taxes for the years 1948 and 1949. In count two of the indictment Altmeyer, Baysek and Barczak were charged with conspiracy to commit the offense charged in the first count. Altmeyer pleaded guilty and was called as a witness for the Government. Barczak pleaded not guilty but changed his plea to nolo contendere after the commencement of the trial and then testified as a Government witness. Baysek also pleaded not guilty but he maintained his innocence throughout the trial and introduced evidence as to his good character. He was nonetheless convicted by the jury on both counts and was sentenced by the district court to imprisonment for three years on the first count and five years on the second, to run concurrently. He thereupon took the appeal now before us, contending that the trial judge erred in limiting the number of his character witnesses, in instructing the jury on character testimony and in refusing to withdraw a juror because of alleged prejudicial remarks in the prosecutor's address to the jury. We will consider these contentions in their order.

■■ Baysek called seven witnesses who testified that his reputation for truthfulness and honesty was good. When he sought to call additional witnesses as to his character the trial judge declined to permit him to do so. The trial judge also refused to permit him to note on the record the names and oc-

cupations of these additional witnesses. Baysek contends that this was error. We do not agree. The notation upon the record of the names and occupations of unproduced witnesses would obviously have been improper without the consent of the Government. The limitation of witnesses whose testimony will be cumulative of that already received is a matter within the sound discretion of the trial judge.[1] Here the Government did not attack Baysek's prior good reputation. Particularly in view of that fact the trial judge's determination that cumulative evidence of good character would not serve any proper purpose in the trial was clearly not an abuse of discretion.[2]

The trial judge in his instructions to the jury stated:

"Where evidence is introduced by a Defendant of good character, that evidence of the good character of the Defendant is not mere makeweight, but is substantive evidence and must be considered by you, and may of itself raise a reasonable doubt in your mind, or, along with other evidence in the case, may raise a reasonable doubt in your mind as to the guilt of the Defendant, and therefore work an acquittal. The very object of introducing good character evidence is to generate in the minds of the jury a reasonable doubt as to the Defendant's guilt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing. If, however, you are satisfied the Defendant is guilty, you should con-

---

**1.** Chapa v. United States, 5 Cir., 1919, 261 F. 775, certiorari denied 252 U.S. 583, 40 S.Ct. 393, 64 L.Ed. 728; Hauge v. United States, 9 Cir., 1921, 276 F. 111, 113; Hamil v. United States, 5 Cir., 1924, 298 F. 369, 372; Shaw v. United States, 5 Cir., 1930, 41 F.2d 26, 27–28; Brady v. United States, 7 Cir., 1930, 41 F. 2d 449, 451; Suhay v. United States, 10 Cir., 1938, 95 F.2d 890, 894, certiorari

denied 304 U.S. 580, 58 S.Ct. 1060, 82 L. Ed. 1543; Burgman v. United States, 1951, 88 U.S.App.D.C. 184, 188 F.2d 637, 641–642, certiorari denied 342 U.S. 838, 72 S.Ct. 64, 96 L.Ed. 1347.

**2.** See Michelson v. United States, 1948, 335 U.S. 469, 480, 69 S.Ct. 213, 93 L.Ed. 168.

vict him, notwithstanding proof of good character."

■ Baysek concedes that all but the last sentence of this instruction was proper. Indeed it was in almost exactly the language which he himself had requested. But he urges that the final sentence nullified what went before and indicated to the jury that they could disregard the character evidence if they were satisfied of his guilt from the other evidence. We see no merit in this contention. While it might, perhaps, have been better to have said, "If however, you are satisfied *from all the evidence* the Defendant is guilty, * * *" we think that this is the clear inference which the jury must have drawn from what the trial judge did say. For the sentence immediately followed a very full and fair statement of the duty of the jury to consider the character evidence with the other evidence in the case and to acquit the defendant if the character evidence, either alone or considered with the other evidence, raised a reasonable doubt of his guilt. By the language under attack which immediately followed the jury must have understood that if after such consideration of all the evidence, including the character evidence, they were satisfied beyond a reasonable doubt of the defendant's guilt they should convict him even though he had offered evidence of good character. This was all that was required.[3]

■ During his closing address to the jury Government counsel referred to certain statements in an exhibit offered by the defendant which were derogatory to one of the defendant's character witnesses, saying "that explains some of the reputation witnesses that you have heard." Baysek's counsel immediately objected and moved for the withdrawal of a juror which the trial judge denied. We see no error here. For Baysek's counsel in his own argument to the jury had described the character witnesses

whom he had called as "top brass" and "high officials". Moreover Government counsel immediately asked the jury to disregard the matter so far as having any connection with the case was concerned. We are satisfied that no substantial prejudice to Baysek resulted.

The judgment of the district court will be affirmed.

---

3. Edgington v. United States, 1896, 164 U. S. 361, 17 S.Ct. 72, 41 L.Ed. 467; Cohen v. United States, 3 Cir., 1922, 282 F. 871; United States v. Quick, 3 Cir., 1942, 128 F.2d 832; United States v. Schanerman, 3 Cir., 1945, 150 F.2d 941.