UNITED STATES of America

v.

**Frederick C. STURM, III, Appellant.**

No. 81–1653.

United States Court of Appeals,
Third Circuit.

Argued Dec. 16, 1981.

Decided Feb. 16, 1982.

Rehearing and Rehearing In Banc
Denied March 11, 1982.

Stephen D. Ivey (argued), Philadelphia, Pa., for appellant.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., W. Cecil Jones (argued), William B. Carr, Jr., Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Before ADAMS, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Frederick Sturm was indicted on October 19, 1980, and charged with five counts of mail fraud and one count of conspiracy to commit mail fraud, 18 U.S.C. §§ 1341, 371. The Government alleged that from November 1979 through the date of the indictment, Sturm and four others conspired to defraud the Insurance Placement Facility of Pennsylvania, an insurance company, by setting fire to the Monterey Apartments and seeking to collect the fire insurance proceeds. Two of Sturm's codefendants pleaded guilty to the conspiracy count and were each sentenced to three years imprisonment. Sturm was granted a severance from the trial of the other two codefendants, Anthony Marinucci and John Cavaliere. On February 25, 1981, a jury found Sturm guilty on all six counts and he was sentenced to a total of ten years imprisonment and fined $15,000. Sturm then filed a timely appeal. On appeal Sturm claims that he had ineffective trial counsel, and also challenges the sufficiency of the evidence as well as the propriety of several evidentiary rulings. We reject his contentions, and affirm the judgment of conviction.

■ Sturm first argues that he received ineffective assistance of counsel under the sixth amendment, alleging that his attorney failed properly to investigate and prepare his case for trial. As a general rule, appellate courts are unable to consider ineffective assistance of counsel claims on direct appeal. *United States v. Rad-O-Lite of Philadelphia, Inc.,* 612 F.2d 740 (3d Cir. 1979); *United States v. Garcia,* 544 F.2d 681, 684 n.1 (3d Cir. 1976). Such claims typically require the reviewing court to con-

sider allegations and evidence that are outside of the trial record. In this case, for example, we lack evidence or findings as to what investigations were actually conducted, and as to the nature and plausibility of any explanations Sturm's counsel may have had for a decision not to investigate. In order properly to deal with allegations of inadequate assistance of counsel, therefore, the normal course is to permit the accused to raise such an objection only in a collateral proceeding under 28 U.S.C. § 2255, in which the district court may develop an appropriate factual record. *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d at 744. Accordingly, we will not review Sturm's allegations of ineffective assistance of counsel on direct appeal, but make clear that this is without prejudice to a subsequent claim under 28 U.S.C. § 2255.

▇ Sturm also alleges that the evidence at trial was insufficient to prove the intent and causation necessary to support his convictions under 18 U.S.C. §§ 371, 1341. The proper standard of appellate review with respect to a claim that the evidence does not support a conviction is whether, viewing the evidence in the light most favorable to the Government, together with all reasonable inferences to be drawn therefrom, substantial evidence supports the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

▇ To support a conviction for mail fraud the Government's evidence must show that the defendant agreed to participate in a scheme to defraud and that he caused the mails to be used in furtherance of the scheme. *United States v. Pereira*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). The necessary intent may be shown by evidence that the defendant, "devised the fraudulent scheme ... or ... participated in it with knowledge of its fraudulent nature." *United States v. Pearlstein*, 576 F.2d 531, 537 (3d Cir. 1978). The causation element of the offense is established by a showing that "an individual does an act with knowledge that use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen

even though not actually intended." *United States v. Tiche*, 424 F.Supp. 996, 1001–02 (W.D.Pa.) aff'd, 564 F.2d 90 (3d Cir. 1977).

▇ The evidence on this record amply supports the jury's finding of the requisite intent and causation. The Government introduced testimony that Sturm purchased the Monterey Apartments and the remaining interest in a $400,000 fire insurance policy that provided coverage through March 1980, that on several occasions he raised the possibility of arson in connection with the Monterey Apartments, that he solicited an arsonist whom he agreed to pay to burn down the Monterey Apartments, and that he inquired of an insurance adjuster about the progress of the insurance claims that had been filed in connection with the Monterey Apartments fires of January 4 and 13, 1980. The jury, weighing the credibility of this and other testimony, reasonably could have concluded that Sturm arranged to have the Monterey Apartments burned in order to collect the fire insurance proceeds, and that Sturm should have foreseen the use of the mails in connection therewith.

▇ Sturm's remaining allegations, regarding various evidentiary rulings made by the district court, are without merit. The trial judge properly excluded independent testimony concerning the primary Government witness' alleged past involvement in an arson-extortion scheme. Since there had been no testimony that Sturm had been the victim of a similar scheme and since only one prior arson-extortion incident involving the witness was offered by Sturm at trial, this evidence was properly excludable under Fed.R.Evid. 404(b). The evidence was also properly excludable under Fed.R. Evid. 608(b) insofar as it was offered to attack the witness' credibility. *See United States v. Herman*, 589 F.2d 1191, 1196 (3d Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979). The trial judge's immediate instructions to the jury to disregard certain remarks of Government witness Raffa and the prosecution's questions to a defense witness regarding immunity sought prior to testifying before

a grand jury were, in the context of the entire trial, sufficient to cure any prejudice to Sturm. The ruling by the district court permitting Raffa to testify regarding the meaning of his own statements and to his understanding of Sturm's statements contained in the recorded conversations played before the jury was not an abuse of discretion.

For the foregoing reasons the judgment of the district court will be affirmed, without prejudice to the filing by appellant of an ineffective assistance of counsel claim under 28 U.S.C. § 2255.