**UNITED STATES of America**

v.

**SPANGLER, Edward, Appellant in No. 87–1452.**

**Appeal of MAIRONE, Anthony, Appellant in No. 87–1467.**

**Nos. 87–1452, 87–1467.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 19, 1988.

Decided Jan. 29, 1988.

Rehearing Denied in No. 87–1467, Feb. 25, 1988.

---

Oscar B. Goodman, Kenneth G. Freitas, Goodman, Stein & Chesnoff, Las Vegas, Nev., for appellant, Edward Spangler.

Stephen P. Gallagher, Stack & Gallagher, P.C., Philadelphia, Pa., for appellant, Anthony Mairone.

Edward S.G. Dennis, Jr., U.S. Atty., William B. Carr, Jr., Asst. U.S. Atty., Acting Chief of Appeals, Seth Weber, Asst. U.S. Atty., Philadelphia, Pa., for appellee, U.S.

Before GIBBONS, Chief Judge, WEIS and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Edward Spangler, a Philadelphia Police Lieutenant, and Anthony Mairone, a police officer, both employed during the relevant time period as members of the East Division vice squad, appeal from judgments of sentence imposed following their conviction by a jury of extortion, conspiracy to commit extortion, and aiding and abetting the crime of extortion. 18 U.S.C. § 1951 (1982); 18 U.S.C. § 2. Each contends that the trial court erred in failing to give a requested instruction on evidence of his good character, and in choosing the wording of the instruction on good character which was given.

The government's case consisted of the testimony of Andy Kelly, a police officer who worked as Mairone's partner in the vice squad, and the testimony of approxi-mately 10 numbers writers and one sports betting operator. From that testimony the jury could reasonably conclude that the numbers operators and the sports betting operator regularly made protection payments to Kelly or Mairone, and that these payments were divided among Spangler, Kelly, and Mairone.

Spangler testified on his own behalf. Mairone elected not to testify. Each presented various witnesses who testified to his character or reputation as a good, honest, law-abiding citizen. Both defendants requested a specific instruction:

Evidence of good reputation in and of itself can create a reasonable doubt.

The trial court indicated that it would include in the jury charge "the character witness instruction," but did not specifically agree to charge in the precise language which was requested. The court instructed on character evidence as follows:

Now, you did hear some, some people call it character evidence, reputation evidence.

You heard a number of character witnesses, each of whom, some of whom, lets put it that way, I think, stated their personal opinion, as well as the reputation of the defendant in the community for honesty and being a law abiding citizen and the law says, you should consider such character evidence along with all the other evidence you heard in the case when making your determination as to whether the government has proved, beyond a reasonable doubt, that the defendant whose case you are then considering, committed the particular crime or crimes that are alleged in the indictment.

Relying particularly on *United States v. Logan*, 717 F.2d 84 (3d Cir.1983), Spangler and Mairone contend that the failure to at least include in the instruction the requested language that evidence of good reputation in and of itself can create a reasonable doubt, was an error which requires a new trial. In *Logan*, the opinion reviewed this court's caselaw on the character evidence instruction. That caselaw starts with a pronouncement in *Kaufmann v. United States*, 282 F. 776, 785 (3d Cir.), *cert. de-*

*nied*, 260 U.S. 735, 43 S.Ct. 96, 67 L.Ed. 488 (1922), that "the defendant was not entitled to have the judge charge that his good reputation, standing alone, of itself, without regard to the other evidence or circumstances in this case, was sufficient to create reasonable doubt." Two decades later, in *United States v. Quick*, 128 F.2d 832, 835 (3d Cir.1942), the Court stated that jurors should be instructed:

> ... that they should consider the character evidence along with all of the other evidence in the case and that, when all of the evidence has been considered, if a reasonable doubt as to the defendant's guilt then existed, it was their duty to acquit....

*See also United States v. Klass*, 166 F.2d 373 (3d Cir.1948) (in banc); *United States v. Frischling*, 160 F.2d 370 (3d Cir.1947). None of these cases required that the district court give, when requested, a "standing alone" charge such as the one *Kaufmann* said it might properly reject.

In *United States v. Baysek*, 212 F.2d 446, 447–48 (3d Cir.), *cert. denied*, 348 U.S. 836, 75 S.Ct. 49, 99 L.Ed. 659 (1954), the district judge charged the jury that character evidence "of itself" or "alone" may raise a reasonable doubt but then stated, "If, however, you are satisfied the Defendant is guilty, you should convict him, notwithstanding proof of good character." In affirming the conviction, Judge Maris explained that this last sentence did not undo the "very full and fair statement of the duty of the jury to consider the character evidence with the other evidence in the case and to acquit the defendant if the character evidence, either alone or considered with other evidence, raised a reasonable doubt of his guilt." 212 F.2d at 448. While the *Baysek* decision approved a "standing alone" charge, it certainly did not require one. *But see Logan*, 717 F.2d at 90 n. 11 (quoting Judge Maris' description of the district court's charge as a holding that such a charge is required) (dictum). Instead, "all that was required" was that the jury "must have understood that if after consideration of all the evidence, including the character evidence, they were satisfied beyond a reasonable doubt of the defend-

ant's guilt they should convict him even though he offered evidence of good character." 212 F.2d at 448.

The *Logan* holding is consistent with these earlier decisions. The court ordered a new trial in *Logan* because of the total omission of a character evidence instruction. Thus the holding is of no help to Spangler and Mairone. They rely instead on dicta in *Logan* recommending a character evidence instruction suggested in Devitt & Blackmar, *Federal Jury Practice and Instructions* § 15.25 (3d ed. 1977); 717 F.2d at 92. The suggested instruction was not the "standing alone" charge which Spangler and Mairone requested. A simplified version now appears in the 1987 Cumulative Supplement of Devitt and Blackmar, *Federal Jury Practice and Instructions* § 15.25. That simplified version provides in full:

> You have heard testimony that the defendant, _____, (has a good reputation for [e.g., honesty] in the community where he lives and works) (in his opinion, is an [honest] person). Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's [honesty] when you decide whether the government has proved, beyond a reasonable doubt, that the defendant committed the crime.

The commentary notes that "[l]anguage suggesting that character evidence alone can create a reasonable doubt was disapproved in *United States v. Burke*, 781 F.2d 1234 (7th Cir.1985), citing cases from several circuits."

We hold that so long as an instruction consistent with *Quick, Frischling* and *Baysek* is given, which calls the jury's attention to its duty to take character evidence into account with all of the other evidence in deciding whether the government has proved its charge beyond a reasonable doubt, the omission of the express "standing alone" language which was requested here is not an abuse of the discretion vested in the trial court to choose the wording of the character evidence charge. The court's instruction satisfied the *Quick,*

*Frischling, Baysek* standard. Thus the defendants' new trial motions were properly denied.

Spangler urges, however, that a new trial should be granted because the court promised a "standing alone" charge and thereby misled his attorney with respect to appropriate closing argument. We find no such promise in the record. Even if the record supported the contention the outcome would be no different, for there is no significant difference between counsel's argument and the court's instruction. Obviously counsel was free to place greater emphasis on the significance of the character evidence than did the trial judge.

Mairone contends that he received ineffective assistance of counsel because his attorney failed to request a more specific character evidence instruction. We do not ordinarily consider an ineffective assistance of counsel contention on direct appeal. *United States v. Sturm,* 671 F.2d 749 (3d Cir.) *cert. denied,* 459 U.S. 842, 103 S.Ct. 95, 74 L.Ed.2d 86 (1982). We note, however, that a collateral attack on the judgment of sentence in Mairone's case can hardly succeed with respect to the character evidence instruction in light of our holding that the instruction satisfied the caselaw governing in this circuit.

The judgments appealed from will, therefore, be affirmed.