UNITED STATES of America,
Plaintiff-Appellee,

v.

Gabriel Youssef RIZK, Hanna Elias
Ibrahim Mina,
Defendants-Appellants.

No. 86–1075.

United States Court of Appeals,
Fifth Circuit.

March 31, 1988.

Michael E. Tigar, Austin, Tex. (court appointed), for defendants-appellants.

Robert J. Erickson, Deputy Chief, Appellate Section Crim. Div., Dept. of Justice, Washington, D.C., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before EDWARDS,[*] and RUBIN, Circuit Judges.[**]

PER CURIAM:

The petition for rehearing is denied.

Rizk contends that the use of transcripts of an English translation of taped conversations conducted in Arabic between him and Schbley, a paid informer, violated due process. At trial, Schbley and a government agent read the transcripts aloud, with Schbley reading the lines he had spoken on the tape and the government agent reading Rizk's lines. From time to time, Schbley commented on or interpreted both his own and Rizk's taped remarks. The tapes themselves were never played for the jury, and, because the jury deliberations lasted only forty-five minutes, the jury obviously did not listen to the entire tape outside the courtroom.

At trial, counsel for Rizk and Mina repeatedly objected to the informant's commentary on the transcripts. It was within the district court's discretion to allow the interpretive commentary.[1] If the government's transcript or the informant's commentary was inaccurate, the burden was on Rizk to challenge its accuracy by preparing and submitting his own transcript or offering his own interpretations.[2] Rizk cannot successfully complain that the jury was able only to consider the government's version of the transcript when he failed to present evidence that would have drawn the jury's attention to discrepancies or flaws in that version.[3]

Rizk did not request that the tapes be played at trial. Because he did not seek to have the tapes played, he cannot now successfully contend that he was prejudiced by the jury's failure to listen to them.

Rizk and Mina further contend that the searches of the briefcase Rizk was carrying when he left the hotel room, the hotel room itself, and the briefcase found in the trunk of Rizk's car violated the fourth amendment and that the evidence seized as a result of these searches should be suppressed. The briefcase that Rizk was carrying when he left the hotel room actually belonged to government informant Schbley. The conspirators had planned for a courier to bring the heroin to the hotel in his luggage. They had anticipated that the heroin might be concealed in the luggage in such a way that they could only get their hands on the drugs by destroying the luggage totally, in which case they would need to transfer the heroin into a new container to transport it to the buyer. Schbley's briefcase was to serve as that new container.

The briefcase had two combination locks. Schbley testified, without contradiction, that he did not tell Rizk what combinations opened the locks. According to Schbley, the DEA agents assigned to the case had insisted that Rizk should not be able to obtain easy access to the contents of the briefcase, so that he could not tamper with the heroin once the briefcase had been packed. Schbley did, however, inform the DEA of the combinations, which they subsequently used to open the briefcase.

The DEA agents did not seek or obtain Rizk's consent to the search, but they did have Schbley's consent. The government contends that the search of the briefcase was, therefore, a valid consent search.

When the validity of a "third party consent" search is questioned, the court must decide whether the consenting party and the party claiming the fourth amendment violation mutually used the property searched and had joint access to and control of it for most purposes, so that it is reasonable to recognize that either user had the right to permit inspection of the

---

[*] Circuit Judge of the Sixth Circuit, sitting by designation.

[**] Due to his death on October 19, 1987, Judge Hill did not complete his participation in this decision. The case is therefore decided by a quorum. 28 U.S.C. 46(d).

[1] See United States v. Sturm, 671 F.2d 749, 752 (3d Cir.1982).

[2] United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir.1985); United States v. Llinas, 603 F.2d 506, 509 (5th Cir.1979); United States v. Onori, 535 F.2d 938, 948–49 (5th Cir.1976).

[3] Cruz, 765 F.2d at 1023; Llinas, 603 F.2d at 510.

property and that the complaining co-user had assumed the risk that the consenting co-user might permit the search.[4]  Under this test, Schbley's authority over the briefcase was sufficient to justify the search made pursuant to his consent.  Schbley did not merely have general access to or control of the briefcase for most purposes, he had sole access and control for every purpose except the loading of the briefcase in the hotel room and the conveyance of the sealed briefcase from the hotel room to the intended buyer.  Rizk knew that Schbley could permit the inspection of the briefcase, because only Schbley, not Rizk, knew the combinations that would open the locks.

■  Schbley and Rizk exercised common authority over the hotel room, which Schbley had reserved and paid for and which both men used as a base of operations.  Because Schbley consented to the search of the room, that search did not violate the fourth amendment.[5]

■  The government seized Rizk's automobile under the forfeiture rule of 21 U.S. C. § 881 (1982), then conducted an inventory search of the vehicle pursuant to court order.  A closed container found in the course of an inventory search of an automobile may be searched without a warrant.[6]  Because the searches of the first briefcase and the hotel room did not violate the fourth amendment, there was no poisonous tree of which either the second briefcase or any other evidence found during the subsequent search of Rizk's automobile might arguably have been the fruit.[7]

4.  *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *see also Frazier v. Cupp,* 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969).

5.  *Matlock,* 94 S.Ct. at 993 & n. 7; *United States v. Koehler,* 790 F.2d 1256, 1259–60 (5th Cir. 1986).

6.  *Colorado v. Bertine,* —— U.S. ——, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).

7.  *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).