No. 87–1643.   SPANGLER v. UNITED STATES.   C. A. 3d Cir.
Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner was charged with several counts of extortion.   At trial, he testified in his own behalf and presented several witnesses who testified in support of his character and reputation. He requested that the jury be instructed that evidence of good reputation, even standing alone, may be sufficient to create a reasonable doubt about whether the defendant is guilty of the charges.   Instead, the jury was instructed to consider such character evidence along with all the other evidence presented in the case to determine whether the prosecution had proved beyond a reasonable doubt that the defendant committed the particular crimes charged.   The jury convicted petitioner, and the Third Circuit affirmed, holding that the trial judge did not abuse his discretion by refusing to give the requested instruction.   838 F. 2d 85 (1988).

The decision below adds to the considerable disagreement that has arisen in the Courts of Appeals about whether and when it is proper for the judge to give the "standing alone" instruction to the jury.   Some courts have held that such an instruction is never necessary and often, if not always, is improper because it actually misleads the jury.   See, e. g., United States v. Burke, 781 F. 2d 1234, 1238–1242 (CA7 1985); United States v. Winter, 663 F. 2d 1120, 1146–1149 (CA1 1981); Black v. United States, 309 F. 2d 331, 343–344 (CA8 1962), cert. denied, 372 U. S. 934 (1963). Other courts have disagreed with this view, stating that at least in certain kinds of cases, if not always, a defendant is entitled to have the jury be instructed that reputation evidence in and of itself can create a reasonable doubt as to guilt.   See, e. g., United States v. Lewis, 157 U. S. App. D. C. 43, 48, 482 F. 2d 632, 637 (1973); United States v. Cramer, 447 F. 2d 210, 219 (CA2 1971), cert. denied, 404 U. S. 1024 (1972).   In addition, many of the pattern jury instructions that have been used by District Courts around the country have included some kind of "standing alone" instruction.   See, e. g., Burke, supra, at 1238; United States v. Callahan, 588 F. 2d 1078, 1086, n. 1. (CA5 1979).   This confusion can be traced directly to statements made by this Court in Edgington v. United States, 164 U. S. 361, 366 (1896), and in Michelson v. United States, 335 U. S. 469, 476 (1948).   I would

grant certiorari to resolve the longstanding division in the courts on this point.