**UNITED STATES of America,**

v.

**Jesus RICO–NUNEZ, Appellant.**

No. 00–4347.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 4, 2002.

Decided Nov. 12, 2002.

Before BECKER, Chief Judge,
MCKEE, and HILL, Circuit Judges.

OPINION

BECKER, Chief Judge.

Jesus Rico–Nunez appeals from the judgment of the District Court in a criminal case entered pursuant to a bargained-for guilty plea to Count I of the indictment charging him with illegal re-entry into the United States after deportation. Rico–Nunez was sentenced to a term of 60 months imprisonment near the low end of the applicable Guidelines Range of 57–71 months. The gravamen of Rico–Nunez's appeal is that his guilty plea counsel was ineffective: (1) in failing to present a motion to the court requesting a downward departure from the Sentencing Guidelines based upon time spent in non-federal detention; and (2) in failing to present a motion to the court requesting a downward departure from the Sentencing Guidelines based upon collateral consequences of imprisonment suffered as an INS detainee.

Rico–Nunez's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he is unable to raise any argument that would permit this court to grant a new trial, arrest of judgment, or resentencing. Counsel also submits that it is well settled that he cannot claim his own ineffectiveness, and that new counsel should be assigned. However, the government correctly points out that the ineffective assistance claim is untenable in this direct appeal because no record regarding these issues was presented to the district court. More specifically, there is no information in the record regarding the nature of Rico–Nunez's earlier confinement, or the collateral consequences he fears in the future, which are the bases of the ineffective assistance claim, or about counsel's decision-making.

We agree that this is an appropriate case for application of our settled rule that claims of ineffective assistance of counsel, not previously developed, should not be considered on direct appeal. *See, e.g., United States v. Rieger,* 942 F.2d 230, 235 (3d Cir.1991); *United States v. Sandini,* 888 F.2d 300, 311–13 (3d Cir.1989); *United States v. Sturm,* 671 F.2d 749, 750 (3d Cir.1982). Rather, "a defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. 2255

in order that the district court may create a sufficient record for appellate review." *Government of Virgin Islands v. Forte,* 806 F.2d 73, 77 (3d Cir.1986).

Under these circumstances we are constrained to affirm the judgment, without prejudice to Rico–Nunez's right to pursue a claim under 28 U.S.C. 2255 alleging ineffective assistance of counsel.