IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20194
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIONE KIMONE BLACKMON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-851-1
--------------------
January 8, 2003

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Damione Kimone Blackmon appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 (a)(2).  Blackmon contends that the district court erred in denying his motion to suppress evidence seized from his bedroom, because the warrant that authorized the search of the bedroom was based on illegally obtained evidence.  He also argues that 18 U.S.C. § 922(g)(1) is unconstitutional.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This circuit's standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). Questions of law, including ultimate conclusions of Fourth Amendment reasonableness, are reviewed de novo. United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998). Evidence is viewed in the light most favorable to the prevailing party. Id. When the Government justifies a warrantless search on the theory that consent was lawfully obtained from a third party, rather than from the person whose property was searched or seized, the Government must prove that the third party had either actual or apparent authority to consent. United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997).

The record reflects that Blackmon's uncle had actual authority or, at a minimum, apparent authority to consent to the search. Blackmon's uncle owned the house where Blackmon resided. Blackmon did not pay rent. Blackmon's uncle had access to all areas of the house, except Blackmon's bedroom. The areas that were searched based solely on the uncle's consent were open and accessible to Blackmon's uncle as well as anyone who entered the premises. Blackmon had not limited his uncle's access to those areas, and he knew that his uncle routinely cleaned one of the areas in question. It was reasonable to recognize that either

Blackmon or his uncle had the right to permit inspection of the property and that Blackmon had assumed the risk that his uncle would permit a search.  Accordingly, the district court did not commit error when it denied the motion to suppress.  See United States v. Rizk, 842 F.2d 111, 112-13 (5th Cir. 1988).  Based on the foregoing, we need not consider Blackmon's argument that evidence seized from the bedroom should be suppressed, since this argument is premised upon a reversal of the district court's suppression ruling.

Blackmon contends that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of United States v. Lopez, 514 U.S. 549 (1995).  Blackmon's arguments are foreclosed by this court's precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).

The judgment of the district court is AFFIRMED.