United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50746
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL VALADEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-354-1
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Valadez appeals his conviction following a jury trial for conspiracy to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and for possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues (1) that the district court erred in denying his motion to suppress, (2) that the district court erred in overruling his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objections to taped conversations, and (3) that the evidence was insufficient.

Valadez moved to suppress evidence from the underlying investigation, asserting that the Government's failure to disclose the identity of the confidential informant (CI) violated his Sixth Amendment confrontation rights. Valadez relies on Crawford v. Washington, 541 U.S. 36 (2004), in support of his argument. His reliance is misplaced because he has not identified any specific hearsay statements by the CI which were introduced by the Government at trial allegedly violating his confrontation rights. See id. Additionally, Valadez has no right to complain about the introduction of any statements which he solicited on cross-examination. See id. at 68. Further, Valadez fails to show that the CI was anything more than a tipster, the identity of whom need not be disclosed. See United States v. Cooper, 949 F.2d 737, 749 (5th Cir. 1991).

Valadez next contends that the district court erred in overruling his objections to the taped conversations between himself and Agent Garza on July 23, 2003, and the related English translations. We review evidentiary rulings for abuse of discretion. United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002). Valadez has not shown an abuse of discretion by the district court in admitting the tapes or the English translations. The tape recording was properly admitted as the best evidence of the conversations that occurred between Garza

and Valadez on July 23, and the transcript of that tape was properly admitted for jurors to use as an aid to understand the tape. Valadez's argument that Spanish-speaking jurors had an undue influence over non-Spanish speakers is unpersuasive because Valadez has not shown how many jurors did or did not speak Spanish. Moreover, because the English translation was admitted into evidence, the jurors had it available when each tape was played, and the jury had available both the tape and the English translation in the jury room during deliberations.

Valadez's objection that the English translations of the tapes were not properly authenticated is raised for the first time on appeal and is, therefore, reviewed for plain error. See United States v. Berry, 977 F.2d 915, 918 (5th Cir. 1992). Valadez has not shown that there were in fact any inaccuracies in the English translation provided to aid the jurors. See United States v. Rizk, 842 F.2d 111, 112 (5th Cir. 1988) (stating that the defendant bears the burden of showing an inaccuracy by providing his own translation). Moreover, the Government, through Agent Garza's testimony, established how the recordings were initiated, how the equipment was operated, the accuracy of the taped conversations, and that Valadez was the person with whom Garza was speaking on the tape. See United States v. Brown, 692 F.2d 345, 350 & n.5 (5th Cir. 1982) (stating that this court has rejected a formalistic standard for the admissibility of tapes and finding that the government met its burden by

establishing, *inter alia*, how the equipment operated and how the wire-tap was initiated). Valadez's objection does not survive plain error review.

Valadez's argument that the evidence was insufficient to support his convictions is also unavailing. Because Valadez moved for a judgment of acquittal at the close of the evidence, we review for "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). The evidence established that Valadez initiated contact with DEA Agent Garza, acting undercover, after a CI indicated that Garza would be interested in purchasing cocaine. Valadez negotiated a first sale of several kilograms of cocaine and sent associates to meet with Garza to finalize the terms, though the sale ultimately fell through. A month later, Valadez again contacted Garza, negotiating the sale of 10 kilograms of cocaine and met with him the following day to finalize the terms of the sale. Garza taped three conversations with Valadez on the day the drug transaction was to take place in which the terms and location of the transaction were finalized. After Garza arrived at the agreed-upon meeting place, Valadez met him and told him that "the stuff was in the car," ready to be inspected. Garza examined the drugs in the vehicle in which Valadez had arrived,

and the substance shown to Garza later tested positive as more than a kilogram of cocaine.

There was sufficient direct evidence to establish Valadez's guilty knowledge beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). To the extent that Valadez relies on his own trial testimony denying knowledge of the drugs, his argument is an attempt to overturn a credibility determination made by the jury, which this court will not do. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

Valadez has not demonstrated any error in the district court's judgment. Accordingly, the conviction is AFFIRMED.