**UNITED STATES of America**

v.

**Jennia Gwendolyn MORROW, a/k/a Gwen, Jennia Gwedolyn Morrow, Appellant.**

**No. 08–2428.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2009.

Filed: Nov. 13, 2009.

---

**650**

Robert L. Eberhardt, Esq., Kelly R. Labby, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Michael Hadley, Esq., OIL City, PA, for Appellant.

BEFORE: SMITH, FISHER, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence.

Jennia Morrow, her brother Jerome Morrow and Henry Jones were charged with Conspiracy to Possess with Intent to Distribute Five Grams or More of Crack Cocaine, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute and Distribution of Five Grams or More of Crack Cocaine in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(B)(iii). After a four-day trial, the jury found all of the defendants guilty. The District Court sentenced Jennia Morrow and Jones to 63 months imprisonment on both counts, running concurrently, with four years supervised release. The District Court sentenced Jerome Morrow to 360 months imprisonment, running concurrently with his state sentence, followed by eight years of supervised release. Jennia Morrow raises two issues.

Morrow asserts a Sixth Amendment violation. At trial, a jailhouse informant testified about a conversation that he had with Jerome Morrow. The testimony was the subject of a motion in limine, in which the government recognized that Jerome Morrow's words to the informant arguably incriminated Jennia Morrow and Henry. The government stated at the pre-trial hearing that it had worked with the informant to steer him away from these potentially incriminating statements. However, at trial, Jerome Morrow's counsel cross-examined the informant, asking him "Did you see any written materials with respect to [Jerome Morrow's] case?" The informant answered "He showed me a piece of paper that said that—she gave him—she took two hundred bucks." Jerome Morrow did not testify at trial.

Jennia Morrow argues that the informant's statement incriminated her in the conspiracy, and claims that her inability to cross-exam Jerome Morrow resulted in a Sixth Amendment Confrontation Clause violation. We exercise plenary review. *U.S. v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998).

The record provided ample evidence of Jennia Morrow's participation in the conspiracy apart from the testimony at issue. Jennia Morrow admitted receiving the $200. Another informant also testified

to this, independent from any reference to the transcript at issue. Therefore, we conclude that even if we were to find that the admission of this testimony was a Sixth Amendment violation, the error would be harmless.

██ Morrow's second issue on appeal, regarding the jury instruction, is meritless. In accord with *Spangler,* the District Court properly instructed the jury to account for character evidence along with all other evidence. *U.S. v. Spangler,* 838 F.2d 85, 86 (3d Cir.1988). Morrow was not entitled to a jury instruction that character evidence alone was sufficient to create reasonable doubt.

For all of these reasons, we will affirm the judgment of conviction and sentence of the District Court.