# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-50520
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff-Appellee

v.

DAVID LOPEZ,

        Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-896-1

———

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

David Lopez was convicted by a jury of one count of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana and one count of possession with intent to distribute 100 kilograms or more of marijuana. He now appeals these convictions and his concurrent 293-month sentences. In his first ground for relief, Lopez asserts that the district court erred by failing to instruct the jurors that they must find that one of the conspirators committed

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an overt act in furtherance of the conspiracy.  Because he did not object to the jury instructions, we review his argument for plain error.  *United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018), *petition for cert. filed* (May 24, 2018) (No. 17-1607).  The Government is not required to prove an overt act in furtherance of a drug conspiracy under 21 U.S.C. § 846.  *United States v. Shabani*, 513 U.S. 10, 15-16 (1994).  Because the Government was not required to prove an overt act, the district court did not err, much less plainly err, in failing to instruct the jurors that they must make such a finding.

In addition, Lopez argues that the district court erred by indicating that the jurors could rely on their own interpretation of recorded Spanish conversations if they believed that the translated transcripts were not accurate.  He concedes that he did not object on this ground and that plain error review applies.  *See Fairley*, 880 F.3d at 208.  The district court's failure to advise the jurors that they should not rely on any knowledge of the language spoken in the recording constitutes clear and obvious error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  However, Lopez has failed to show that the error affected his substantial rights because he did not allege that the transcripts contained any inaccuracies that would have altered the jury's verdict.  *See Fairley*, 880 F.3d at 208; *United States v. Rizk*, 842 F.2d 111, 112 (5th Cir. 1988).

Lopez also asserts that his trial counsel rendered ineffective assistance because he failed to argue that the prosecution was barred by the limitations period.  We typically do not review claims of ineffective assistance on direct appeal.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  However, because the record is sufficient to review Lopez's claim, we do so here.  *See United States v. Rosalez-Orozco*, 8 F.3d 198, 199-202 (5th Cir. 1993).  "[A]n indictment satisfies the requirements of the statute of limitations if the

government alleges and proves . . . that the conspiracy continued into the limitations period." *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991). Lopez was charged with participating in a single conspiracy over 14 years. As he concedes, the Government presented evidence that he had provided drugs to a coconspirator within five years of the indictment's issuance. *See* 18 U.S.C. § 3282(a). Counsel does not render ineffective assistance by failing to make a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (28 U.S.C. § 2254 proceeding).

With respect to his sentencing, Lopez contends that the district court erred in including drug loads attributed to Ivan Salinas in his relevant conduct. To the extent he is asserting that there was insufficient evidence of a connection between him and Salinas because Salinas did not testify at his trial and because any evidence showing a connection would constitute hearsay, the district court may rely on hearsay testimony and on information included in the presentence report (PSR) if there exist sufficient indicia of reliability. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Golden*, 17 F.3d 735, 736 (5th Cir. 1994). Contrary to Lopez's assertion, ample evidence was presented at trial and in the PSR connecting Salinas and Lopez, and Lopez failed to rebut this reliable evidence. *See Harris*, 702 F.3d at 230. In addition, Lopez contends that the district court erred in holding him accountable for 69 kilograms of cocaine found at the time of Salinas's arrest because Salinas stated he had agreed to transport only marijuana for Lopez and because Lopez informed an undercover officer years later that he would not ship cocaine. Because he did not object to the drug quantity on this ground in the district court, we review for plain error. *See United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016). The unrebutted evidence in the PSR showed that Lopez had provided Salinas with cocaine as well as marijuana, and Lopez

therefore has not established a clear or obvious error arising from the court's reliance on that information. *See United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017).

Additionally, Lopez maintains that the district court erred in denying his motion for a new trial based on an assertion that the Government failed to correct the false testimony of a witness. We review the denial of a motion for a new trial for abuse of discretion. *United States v. Infante*, 404 F.3d 376, 387 (5th Cir. 2005). A defendant is entitled to a new trial on a claim arising from the Government's failure to correct false testimony if he establishes that (1) the testimony was false, (2) the prosecution knew that the testimony was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838-39 (5th Cir. 2016). Because the evidence was elicited from a government witness on cross-examination, the Government did not have a duty to correct it. *See United States v. O'Keefe*, 128 F.3d 885, 894 (5th Cir. 1997). Additionally, Lopez has not shown that the evidence was material because there is not a reasonable probability that he would have been acquitted if the Government had corrected the witness's statements, as the correction would have further incriminated Lopez. *See id.*

The judgment of the district court is thus AFFIRMED.